UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH WAYNE THACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-362-RLJ-DCP |
| | ) |
| ROBBIE GOINS, STONY LOVE, | ) |
| CAMPBELL COUNTY, TN, and JOHN | ) |
| DOE BOOKING OFFICERS,[1] | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Now before the Court is a pro se complaint for violation of § 1983 in which Plaintiff, a current inmate of the Tennessee Department of Correction ("TDOC") and former inmate of the Campbell County Jail, seeks relief for claims arising out of incidents during his confinement in the Campbell County Jail and his lack of outdoor recreational opportunities during that confinement [Doc. 2]. For the reasons set forth below, the complaint will be **DISMISSED**, as it fails to state a claim upon which relief may be granted under § 1983.

I.  **SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

---

[1] While Plaintiff did not name John Doe Booking Officers as Defendants in the style of his complaint or the section of the complaint designated for naming Defendants [Doc. 2 p. 1, 3], he indicates his intention to sue these booking officers in this action in the substantive portion of his complaint [*Id.* at 5].

standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.    COMPLAINT ALLEGATIONS

On August 15, 2021, while Plaintiff was in the booking area of the Campbell County Jail, he asked a booking officer if he could use the restroom several times over the course of "approximately an hour," but the booking officer said no and then ignored Plaintiff, even though "the toilet was no more than 6-feet away" and more than one officer was present [Doc. 2 p. 4]. After Plaintiff held his urination to the point that he was in pain, he "had to urinate on [him]self" [*Id.*].

Plaintiff next claims that, during his nineteen-month incarceration in the Campbell County Jail, he did not have outdoor recreational opportunities due to the policies and/or actions of

2

Defendants Sheriff Goins, Jail Administrator Love, and Campbell County and did not have access to sunshine for an unspecified period of time [*Id.* at 5–7]. As to the lack of outdoor recreational opportunities, Plaintiff states that this was "sure or very likely to cause a serious health problem or needless suffering the next week or month or year," and that it posed a threat of "potential injury" to his mental and physical health [*Id.* at 7].

Plaintiff also asserts claims for intentional infliction of emotional distress arising out of Defendant John Doe Booking Officer's denials of his restroom requests and the denial of outdoor recreational activities during his Campbell County Jail incarceration [*Id.* at 8].[2]

Lastly, Plaintiff states that an unspecified individual denied his request for information regarding the names of the John Doe Booking Officer Defendants [*Id.* at 9].

Plaintiff has sued Sheriff Robbie Goins, Jail Administrator Stony Love, Campbell County, and John Doe Booking Officers [*Id.* at 1, 3, 5]. As relief, he seeks a transfer "to a sufficient TDOC facility" and monetary damages [*Id.* at 10].

### III. ANALYSIS

For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendants.

**A. John Doe Booking Officers**

First, Plaintiff's allegation that a Defendant John Doe Booking Officer denied and/or ignored his multiple requests to use the restroom over the course of "approximately an hour,"

---

[2] Plaintiff also states that Campbell County Jail does not have enough jobs for inmates [Doc. 2 p. 8]. It does not appear that Plaintiff intended to seek relief from the Court based on this allegation, but to the extent that he did so, it fails to state a claim upon which relief may be granted under § 1983, as Plaintiff did not have a constitutional right to jail employment. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs").

resulting in Plaintiff urinating on himself [*Id.* at 4–5], fails to rise to the level of an Eighth Amendment violation.[3] And while Plaintiff indicates that he intended to sue multiple John Doe Booking Officers, he has not set forth any allegations from which the Court can plausibly infer that any other Defendant John Doe Booking Officer violated his constitutional rights.

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). This amounts to a right to "humane conditions of confinement." *Id*. A claim asserting the denial of this right is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" risk to health or safety; and (2) a subjective component, which requires the plaintiff to show a defendant acted with "deliberate indifference" to that risk. *Id. at* 834. Negligence is insufficient, as deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). Thus, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

It is well settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of

---

[3] The Court takes judicial notice that Plaintiff was a convicted prisoner at the time of the incident in the booking area. https://apps.tn.gov/foil/search.jsp (listing Plaintiff's Tennessee Department of Correction sentence as beginning on March 22, 2018 and ending on April 25, 2023). Thus, the Court analyzes this claim under the Eighth Amendment's prohibition on cruel and unusual punishments. *Brawner v. Scott Cty.*, 14 F.4th 585, 591–96 (6th Cir. 2021).

the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Accordingly, in examining such claims, a court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

As set forth above, Plaintiff states in his complaint that he asked Defendant John Doe Booking Officer for permission to use the restroom several times over the course of an hour, that that Defendant John Doe Booking Officer denied those requests for no reason, that holding in his urine put him in pain, and that he urinated on himself. But even accepting these allegations as true, and even though the Court is aware that the Sixth Circuit has stated in dicta that "forcing a[n] [inmate] to public soil themselves may create a constitutional violation," *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (citing *Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich, 2001)), Plaintiff has not set forth facts from which the Court can plausibly infer that Defendant John Doe Booking Officer's denial of Plaintiff's multiple requests to go to the restroom amounted to deliberate indifference to a substantial risk of harm to Plaintiff.

Specifically, Plaintiff alleges only that he "asked [Defendant John Doe Booking Officer] several times if [he] could use the restroom and [Defendant John Doe Booking Officer] said no and after repeated attempts he started ignoring [Plaintiff]" [Doc. 2 p. 4]. While the Court certainly does not commend Defendant John Doe Booking Officer's acts of denying and ignoring Plaintiff's requests to use the restroom, especially as Plaintiff alleges that there was no reason for him to do so, nothing in the complaint indicates that Defendant John Doe Booking Officer was aware that

5

Plaintiff's need to urinate was an emergency, was causing him pain, or was about to cause him to urinate on himself, such that the Court could plausibly infer that this Defendant was deliberately indifferent to a substantial risk of harm to Plaintiff.

In other words, Plaintiff's complaint does not suggest that he provided Defendant John Doe Booking Officer information from which this Defendant could draw the inference that his denials of Plaintiff's requests to use the restroom over a one-hour time period would force Plaintiff to soil himself. While the Court recognizes that an individual urinating on himself is a potential result of denying the individual's requests to use the restroom, even multiple requests to use a restroom do not necessarily, or even usually, mean that a person is about to urinate on himself. And nothing indicates that Defendant John Doe Booking Officer was aware of information from which he could have drawn the inference that his denial of Plaintiff's requests to use the restroom would cause Plaintiff anything more than the discomfort of having a full bladder, which the Sixth Circuit has held does not amount to a cruel and unusual punishment. *Compare Tate*, 85 F. App'x at 417 (finding that where an officer denied the plaintiff permission to use a bathroom over a three-hour-period during which he allowed other prisoners to use the restroom, this created "mere feelings of discomfort associated with "'having a full bladder' . . . . that are not commensurate with 'cruel and unusual punishments' the Eighth Amendment prohibits"), *with Glaspy*, 134 F. Supp. 2d at 896 (finding that where a prison visitor twice informed an officer that he needed to urinate and was in pain, and that it was an emergency, a genuine issue of material fact existed as to whether the denial of the bathroom requests violated the visitor's Fourteenth Amendment Due Process rights); *see also Hartsfield v. Vidor*, 199 F.3d 305, 309–10 (6th Cir. 1999) (noting that "we have previously held that deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment," and affirming the dismissal of the plaintiff's claim that

6

defendants had not allowed him to use a toilet, had allowed him to sit in his own urine, and had not provided him drinking water for two 8-hour periods).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants John Doe Booking Officers.

**B. Outdoor Recreation**

As set forth above, Plaintiff next complains that, due to the policies and/or actions of Defendant Sheriff Goins, Defendant Jail Administrator Love, and Defendant Campbell County, he did not receive any outdoor recreational opportunities during his nineteen-month incarceration in the Campbell County Jail and did not have access to sunshine for an unspecified period of time during this incarceration [Doc. 2 p. 5–7].[4]

Prisoners are entitled to sufficient exercise opportunities to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). While the Sixth Circuit does not require a certain amount of exercise for prisoners, it has held that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on a prisoner's Eighth Amendment rights. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995). But neither the Sixth Circuit nor the Supreme Court has "set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Thus, Courts in this circuit and other circuits routinely dismiss claims arising out of a lack of outdoor recreational

---

[4] Plaintiff seeks injunctive relief from the denial of outdoor recreational opportunities [Doc. 2 p. 9]. But as Plaintiff is no longer incarcerated in the Campbell County Jail [Doc. 9], this request is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Regardless, Plaintiff's allegations regarding the denial of outdoor recreational opportunities fail to state a claim upon which relief may be granted under § 1983 for the reasons set forth herein.

opportunities. *See*, *e.g.*, *Jeffries v. Williamson Cty. Jail*, No. 3:18-CV-00228, 2018 WL 4778197, at 4–5 (M.D. Tenn. Oct. 2, 2018) (collecting cases).

Plaintiff does not allege that he was completely or nearly completely denied exercise or recreation opportunities during his incarceration in the Campbell County Jail, does not state that he suffered any mental or physical injury due to his lack of outdoor recreational opportunities during this incarceration, and does not state how long he was denied sunlight, or set forth any facts from which the Court can plausibly infer that this lack of sunlight violated his constitutional rights. Thus, his complaint fails to state a claim for violation of § 1983 based on the denials of outdoor recreational opportunities and sunshine to him.

### C. Denial of Information

Plaintiff also asserts that an unspecified individual denied his request for the names of Defendants John Doe Booking Officers, which Plaintiff states violated his First Amendment rights [*Id.* at 9]. However, while the First Amendment guarantees Plaintiff's right "to petition the Government for a redress of grievances," among other things, Plaintiff could, and did, sue the John Doe Booking Officers without knowing their names, and the Court is unaware of any federal law provision that guarantees Plaintiff a right to information about jail officials' names. Moreover, Plaintiff does not state that any named Defendant denied him this information. Thus, this claim will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### D. Intentional Infliction of Emotional Distress

As set forth above, Plaintiff also asserts claims for intentional infliction of emotional distress arising out of Defendant John Doe Booking Officer's denials of his requests to use the restroom and the lack of outdoor recreational opportunities during his incarceration in the Campbell County Jail [*Id.* at 8]. However, such claims are not cognizable under § 1983, and

Plaintiff therefore must bring them under state law. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 678 (6th Cir. 2005). But as the Court will dismiss all claims for violation of § 1983 over which it had original jurisdiction for failure to state a claim upon which relief may be granted as set forth above, it will decline to exercise supplemental jurisdiction over Plaintiff's related claims for intentional infliction of emotional distress under Tennessee law. 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress;

3. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

s/ Leon Jordan
United States District Judge